Matter of Attorneys in Violation of Judiciary Law § 468-a. (Lawrence) (2021 NY Slip Op 02583)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a. (Lawrence)

2021 NY Slip Op 02583

Decided on April 29, 2021

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 29, 2021

PM-50-21
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Kelly Summers Lawrence, Respondent. (Attorney Registration No. 4251864).

Calendar Date:April 26, 2021
Before:Egan, J.P., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Kelly Summers Lawrence, Bentleyville, Ohio, respondentpro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2004 and is also admitted in Ohio, where she resides and serves as in-house counsel at an aerospace manufacturing company. Respondent was suspended from the practice of law by a May 2019 order of this Court for conduct prejudicial to the administration of justice arising from her failure to comply with her attorney registration obligations beginning in 2012 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1735 [2019]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). She has since cured her registration delinquency and now moves for reinstatement. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has been heard in response to the application.
"All attorneys seeking reinstatement from suspension must establish, by clear and convincing evidence, that (1) he or she has complied with the order of suspension and the Rules of this Court, (2) he or she has the requisite character and fitness for the practice of law, and (3) it would be in the public's interest to reinstate the attorney to practice in New York" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Oncu], 184 AD3d 1071, 1072 [2020] [internal quotation marks and citations omitted]). "An applicant for reinstatement must also provide, as a threshold matter, certain required documentation in support of his or her application" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Wilson], 186 AD3d 1874, 1875 [2020] [citation omitted]). As respondent has been suspended for a period greater than six months, she has appropriately submitted a duly-sworn form affidavit in accord with appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Hughes-Hardaway], 152 AD3d 951, 952 [2017]). Respondent has also properly provided a certificate of good standing from Ohio (see Rules for Attorney Disciplinary Matters [22 NYCRR] appendix C, ¶ 13), as well as proof of her passage of the Multistate Professional Responsibility Examination within one year of the instant application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Further, Office of Court Administration records reflect that respondent has cured the registration delinquencies underlying her suspension.
As to respondent's compliance with the order of suspension and the rules governing suspended attorneys, she avers that she has not engaged in the practice of law in this state following her suspension. Respondent's submissions confirm that she has instead been employed as in-house counsel in Ohio, where she is also admitted to practice. Respondent's tax returns, which she submitted as part of her application, similarly confirm that she did not derive income from activities in this state following [*2]her suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶ 27). As to respondent's admitted failure to file the required affidavit of compliance following the order of suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [f]; part 1240, appendix C, ¶ 21), we find that her statements included in her appendix C affidavit have cured this defect. Therein, respondent attests that she has complied with the order of suspension in all respects and has not engaged in the practice of law in this state, advertised for or accepted legal work in this state or had any client money or property to distribute at the time of her suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 175 AD3d 1767, 1768 [2019]). In view of the foregoing, we find that respondent has demonstrated by clear and convincing evidence her compliance with the order of suspension and the rules governing the conduct of suspended attorneys (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Hui-Ju Wang], 183 AD3d 1225, 1226-1227 [2020]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1317-1318 [2020]; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).
Turning to respondent's character and fitness, she accepts responsibility for her failure to properly register for several biennial periods and notes the actions she has taken to cure her registration deficiencies. Respondent further attests to having no criminal history or any disciplinary history, other than the underlying suspension, in this or any other jurisdiction, and there is no indication of any governmental investigations, financial circumstances or medical or substance abuse history that would negatively impact her reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶ 14, 23-25, 30-32). Moreover, although respondent is exempt from this state's continuing legal education requirements (see Rules of App Div, All Depts [22 NYCRR] § 1500.5 [b] [1]), she provides proof of her completion of continuing legal education credits in Ohio since her suspension. In view of respondent's submissions, and as her misconduct underlying her suspension "does not raise any concerns regarding a possible harm to the public," we find that respondent possesses the requisite character and fitness and that her reinstatement to the practice of law would be in the public's interest (Matter of Attorneys in Violation of Judiciary Law § 468-a [Thompson], 185 AD3d 1379, 1381 [2020]).[FN1] Accordingly, we grant respondent's application and reinstate her to the practice of law.
Egan, J.P., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.
Footnotes

Footnote 1: Although respondent indicates her intent to apply for nondisciplinary resignation upon reinstatement, we note that she has not yet done so (compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Pratt], 186 AD3d 965, 966-968 [2020]).