Matter of Attorneys in Violation of Judiciary Law § 468-a. (Taylor) (2021 NY Slip Op 03104)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a. (Taylor)

2021 NY Slip Op 03104

Decided on May 13, 2021

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 13, 2021

PM-53-21
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; John Stephen Taylor, Respondent. (Attorney Registration No. 5070107.)

Calendar Date:May 10, 2021
Before:Garry, P.J., Clark, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
John Stephen Taylor, Wilmington, Delaware, respondentpro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2012 and is also admitted in Delaware, where he resides and serves as a Deputy Attorney General. Respondent was suspended from the practice of law by a May 2019 order of this Court for conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration obligations beginning in 2015 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1756 [2019]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). He cured the registration delinquency underlying his suspension in October 2020 and now applies for reinstatement. The Attorney Grievance Committee for the Third Judicial Department has been heard in response to the application.
Initially, we find that respondent has satisfied the procedural requirements for an attorney seeking reinstatement to the practice of law from a suspension of more than six months by his submission of, among other things, a sworn affidavit in the proper form set forth in appendix C to Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Wilson], 186 AD3d 1874, 1875 [2020]). We further note his proper submission of proof of his successful completion of the Multistate Professional Responsibility Examination, as is required (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). As to his admitted failure to file an affidavit of compliance, we find that his statements made in support of his appendix C affidavit have cured this defect (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15; part 1240, appendix C, ¶ 21; Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 175 AD3d 1767, 1768 [2019]).
Finally, in view of respondent's statements and submissions, we find that he has satisfied the three-part test applicable to all attorneys seeking reinstatement from suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Oncu], 184 AD3d 1071, 1072 [2020]). Specifically, he has clearly and convincingly demonstrated his compliance with the order of suspension and the Rules of this Court (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Hui-Ju Wang], 183 AD3d 1225, 1226-1227 [2020]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1317-1318 [2020]; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15), he possesses the requisite character and fitness for the practice of law and it would be in the public's interest to reinstate him to the practice of law in New York (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶ 14, 23-25, 30-32; Matter of Attorneys in Violation of Judiciary Law § 468-a [Lawrence], ___ AD3d ___, ___, 2021 NY Slip Op 02583, *2 [2021]). Accordingly, we [*2]grant respondent's application and reinstate him to the practice of law.
Garry, P.J., Clark, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.