Matter of Attorneys in Violation of Judiciary Law § 468-a (Wayland) (2021 NY Slip Op 03516)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a (Wayland)

2021 NY Slip Op 03516

Decided on June 3, 2021

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 3, 2021

PM-73-21
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Appellant; Edward William Wayland, Respondent. (Attorney Registration No. 2609162.)

Calendar Date:April 12, 2021
Before:Garry, P.J., Egan Jr., Clark, Pritzker and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Edward William Wayland, Andover, Massachusetts, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1994
and is also admitted in Massachusetts, where he maintains an office for the practice of law. Respondent was suspended from the practice of law in New York by a May 2019 order of this Court for conduct prejudicial to the administration of justice arising from his noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 from 2014 onward (Matter of Attorneys in Violation of Judiciary Law § 468, 172 AD3d 1706, 1758 [2019]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]).[FN1] Upon curing his registration delinquency in August 2020, respondent has now moved, by application marked returnable on April 12, 2021, for his reinstatement. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has been heard in response to the application.[FN2]
Along with certain procedural requirements, "[a]ll attorneys seeking reinstatement from suspension must establish, by clear and convincing evidence, that (1) he or she has complied with the order of suspension and the Rules of this Court, (2) he or she has the requisite character and fitness for the practice of law, and (3) it would be in the public's interest to reinstate the attorney to practice in New York" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1317—1318 [2020]). Given the duration of his suspension, respondent has appropriately submitted a duly-sworn form affidavit as is provided in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). He has also provided a certificate of good standing from Massachusetts (see Rules for Attorney Disciplinary Matters [22 NYCRR] appendix C, ¶ 13), as well as proof of his timely passage of the Multistate Professional Responsibility Examination (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Although respondent admittedly failed to file the required affidavit of compliance following the order of suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [f]; part 1240, appendix C, ¶ 21), we find that the attestations included in his appendix C affidavit have sufficiently cured this defect in this instance (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Lawrence], 193 AD3d 1318, ___, 2021 NY Slip Op 02583, *2 [2021].
As for the balance of respondent's application, we conclude that his submission is sufficient to establish by clear and convincing evidence that he has satisfied the above-referenced three-part test. Respondent has adequately demonstrated his compliance with the order of suspension. As to his character and fitness, respondent's application materials raise no cause for concern, as he reports no criminal record and he further attests that he has not been the subject of any adverse disciplinary action or governmental investigation since his suspension (see Rules for Attorney [*2]Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶ 14, 30, 31). We additionally conclude that respondent's reinstatement would be in the public interest. Giving due consideration to the nature of respondent's professional misconduct, as well as his otherwise spotless disciplinary history in Massachusetts, we also find that no detriment would inure to the public from respondent's reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Giordano], 186 AD3d 1827, 1829 [2020]; Matter of Attorneys in Violation of Judiciary Law §468-a [Serbinowski], 164 AD3d 1049, 1051 [2018]). We accordingly grant respondent's motion and reinstate him to the practice of law in New York, effective immediately.
Garry, P.J., Egan Jr., Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that respondent's motion is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.
Footnotes

Footnote 1: We note that this Court previously suspended respondent from the practice of law in this state by a June 1999 order for the identical misconduct arising from his failure to comply with the attorney registration requirements beginning in 1996 (Matter of Attorneys in Violation of Judiciary Law §-468, 262 AD2d 702, 706 [1999]); however, he cured his registration delinquency and was reinstated in March 2001 (Matter of Attorneys in Violation of Judiciary Law §-468 [Wayland], 281 AD2d 746 [2001]).

Footnote 2: Finding no open claims, the Lawyers' Fund for Client Protection advises that it does not oppose respondent's reinstatement application.