Matter of Violation of Judiciary Law § 468-a (Vatti) (2021 NY Slip Op 03659)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Violation of Judiciary Law  468-a (Vatti)

2021 NY Slip Op 03659

Decided on June 10, 2021

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 10, 2021

PM-85-21
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Hima Naidu Vatti, Respondent. (Attorney Registration No. 3020716.)

Calendar Date:May 24, 2021
Before:Garry, P.J., Egan Jr., Lynch, Clark and Reynolds Fitzgerald, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Law Offices of Sarah Diane McShea (Sarah Diane McShea of counsel), New York City, for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 2000 and is also admitted in the District of Columbia and in California, where she resides and serves in a nonlegal position as an administrator at the California Institute of Technology. By May 2019 order of this Court, respondent was suspended from the practice of law indefinitely for conduct prejudicial to the administration of justice arising from her failure to comply with the attorney registration requirements of Judiciary Law § 468-a since the 2014-2015 biennial period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1757 [2019]). Having cured her registration delinquency in December 2020, respondent now moves for her reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]). By May 18, 2021 correspondence, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) advises that it does not oppose respondent's motion.
Respondent has submitted a sworn affidavit in the proper form set forth in appendix C to Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, along with the required exhibits for our consideration (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Further, although respondent had not yet achieved a passing score on the Multistate Professional Responsibility Examination within one year prior to seeking reinstatement at the time she submitted her application, respondent has since provided proof that she has done so following the March 2021 administration of that examination. Accordingly, we find that respondent has fulfilled the threshold requirements on her application and proceed to the merits.
To this end, we find that respondent has established by clear and convincing evidence that she has satisfied the three-part test applicable to all attorneys seeking reinstatement from disciplinary suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Lawrence], 193 AD3d 1318, 1318-1319 [2021]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). As to her compliance with the order suspending her, respondent admits that she failed to file a timely affidavit of compliance following her suspension; however, she submits an affidavit contemporaneously with her reinstatement application and asks this Court to accept her belated submission (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [f]). We elect to do so, and our review of her submissions reveals that respondent clearly and convincingly complied with the order of suspension and this Court's Rules, as she refrained from engaging in the practice of law in New York, and only briefly practiced law in California, using her license in that jurisdiction, before converting to inactive status due to her current employment in a nonlegal position.
Concerning her character and fitness, respondent has no history of professional [*2]misconduct beyond the registration delinquency underlying her suspension in this state for which she now seeks her reinstatement.[FN1] Respondent further attests that she has not been the subject of any criminal or governmental investigations, and there are no financial circumstances or medical or substance abuse history that would negatively impact her reinstatement. Finally, respondent has provided proof that she is in good standing, albeit in inactive status, in both California and Washington, DC. Accordingly, we find that respondent has sufficiently demonstrated her character and fitness for reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Aziz], 193 AD3d 1171, 1172 [2021]).
Finally, we find that respondent has established that her reinstatement is in the public interest. Respondent's application reveals that no detriment would inure to the public from her reinstatement, and her continued work in her nonlegal position provides a tangible benefit to the public (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 175 AD3d 1767, 1769 [2019]). We therefore grant respondent's motion and reinstate her to the practice of law.
Garry, P.J., Egan Jr., Lynch, Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law, effectively immediately.
Footnotes

Footnote 1: Respondent has disclosed that her law license in Washington, DC was administratively suspended for failing to register; however, unlike in New York, such conduct does not constitute professional misconduct in that jurisdiction.