Matter of Attorneys in Violation of Judiciary Law § 468-a (Gilbert) (2022 NY Slip Op 05257)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Gilbert)

2022 NY Slip Op 05257

Decided on September 22, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 22, 2022

PM-165-22
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Matthew Michael Gilbert, Respondent. (Attorney Registration No. 3948270.)

Calendar Date:July 11, 2022

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, Ceresia and Fisher JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Law Offices of Richard E. Grayson, White Plains (Richard E. Grayson of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 2001 and was also admitted in 1998 in New Jersey, where he resides and serves as in-house counsel to a corporation. Respondent was suspended from practice by May 2019 order of this Court for conduct prejudicial to the administration of justice as a result of his failure to comply with his attorney registration obligations beginning in 2011 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1724 [3d Dept 2019]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). He cured his registration delinquency in January 2021 and now applies for reinstatement. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC), although noting certain deficiencies in the application, does not object to respondent's reinstatement.
Initially, each "[a]ttorney[] seeking reinstatement from suspension must establish, by clear and convincing evidence, that (1) he or she has complied with the order of suspension and the Rules of this Court, (2) he or she has the requisite character and fitness for the practice of law, and (3) it would be in the public's interest to reinstate the attorney to practice in New York" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1317-1318 [3d Dept 2020]; see Matter of Attorneys in Violation of Judiciary Law § 468-a [Demenge], 206 AD3d 1217, 1219 [3d Dept 2022]). As a threshold matter, an applicant for reinstatement must also provide certain required documentation in support of his or her application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, appendix C).
At the outset, we find that respondent has satisfied the procedural requirements for an attorney seeking reinstatement to the practice of law from a suspension of more than six months by his submission of, among other things, a sworn affidavit in the proper form set forth in appendix C to Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, as well as proof of his successful completion of the Multistate Professional Responsibility Examination, as required (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Lawrence], 193 AD3d 1318, 1318-1319 [3d Dept 2021]). As to respondent's admitted failure to timely file an affidavit of compliance, we find that his statements made in support of his appendix C affidavit have cured this defect (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15; Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶21; Matter of Attorneys in Violation of Judiciary Law § 468-a [Taylor], 194 AD3d 1242, 1243 [3d Dept 2021]). In consideration of respondent's statements and submissions as a whole, we further find that he has established by clear and convincing evidence his compliance with the order of suspension and the Rules of this Court[*2], that he possesses the requisite character and fitness for the practice of law and that it would be in the public's interest to reinstate him to the practice of law in New York (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Taylor], 194 AD3d at 1243; Matter of Attorneys in Violation of Judiciary Law § 468-a [Lawrence], 193 AD3d at 1320; Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d at 1318). Accordingly, we grant respondent's application and reinstate him to the practice of law.
Clark, J.P., Aarons, Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.