Matter of Attorneys in Violation of Judiciary Law § 468-a (Ali) (2022 NY Slip Op 05740)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Ali)

2022 NY Slip Op 05740

Decided on October 13, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 13, 2022

PM-172-22
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Perveen Racquel Ali, Respondent. (Attorney Registration No. 4544771.)

Calendar Date:June 27, 2022

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Tesser, Ryan & Rochman, LLP, White Plains (Randall Tesser of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 2007. She currently resides in Switzerland, where she serves as a policy advisor to an international humanitarian organization. Respondent was suspended from practice by July 2019 order of this Court for conduct prejudicial to the administration of justice arising from her failure to comply with her attorney registration obligations beginning in 2013 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1709 [3d Dept 2019]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). She cured her registration delinquency in July 2019 and now applies for reinstatement, as well as a waiver of the related Multistate Professional Responsibility Exam (hereinafter MPRE) requirement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC), although noting certain deficiencies in the application, does not object to respondent's reinstatement and defers to this Court's discretion on respondent's application.
In addition to certain procedural requirements, an attorney "seeking reinstatement from suspension must establish, by clear and convincing evidence, that (1) he or she has complied with the order of suspension and the Rules of this Court, (2) he or she has the requisite character and fitness for the practice of law, and (3) it would be in the public's interest to reinstate the attorney to practice in New York" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1317-1318 [3d Dept 2020]; see Matter of Attorneys in Violation of Judiciary Law § 468-a [Demenge], 206 AD3d 1217, 1219 [3d Dept 2022]). Given the length of her suspension for a period greater than six months, respondent has appropriately submitted a duly-sworn form affidavit as is provided in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Hughes-Hardaway], 152 AD3d 951, 952 [3d Dept 2017]). Further, Office of Court Administration records reflect that respondent has cured the registration delinquencies underlying her suspension and remains in compliance to date.
Although the length of respondent's suspension further requires her submission of proof of her passage of the MPRE within one year of the instant application, she requests a waiver of this requirement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Such a request must, in turn, be supported by a demonstration of "good cause," which standard may be satisfied by providing assurances "that additional MPRE testing would be unnecessary under the circumstances" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d 1223, 1224 [3d Dept 2017]; see Matter of Attorneys in Violation of Judiciary [*2]Law § 468-a [Giordano], 186 AD3d 1827, 1828 [3d Dept 2020]). In view of respondent's submissions, we are persuaded to grant her request for a waiver of the MPRE requirement. Notably, her submissions reflect an otherwise unblemished disciplinary history, her distinguished career devoted to the service of international humanitarian efforts and her extensive and ongoing international ethics training (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Sanghan Wang], 199 AD3d 1163, 1164-1165 [3d Dept 2021]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Callier], 192 AD3d 1375, 1376 [3d Dept 2021]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Kelly], 190 AD3d 1253, 1254 [3d Dept 2021]).
Turning to respondent's compliance with the order of suspension and the rules governing suspended attorneys, respondent avers that she has not engaged in the practice of law in this state or any other jurisdiction following her suspension. She further provides proof of her employment in a nonlegal role for an international humanitarian organization in Switzerland. As to her admitted failure to timely file the required affidavit of compliance following the order of suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [f]; Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶21), we find that her statements included in her appendix C affidavit have cured this defect (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [c]; Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C; Matter of Attorneys in Violation of Judiciary Law § 468-a [Lawrence], 193 AD3d 1318, 1319 [3d Dept 2021]). In view of her submissions, we find that respondent has demonstrated, by clear and convincing evidence, her compliance with the order of suspension and the rules governing the conduct of suspended attorneys (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Kelly], 190 AD3d at 1254; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).
As to her character and fitness, respondent attests to having no criminal or disciplinary history, other than the underlying suspension, in this or any other jurisdiction (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶ 14, 30). There is similarly no indication of any governmental investigations, conditions or impairments or financial circumstances in the record that would militate against her reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶ 23-25, 31-32). As to the misconduct underlying her suspension, she avers that her failure to satisfy her registration requirements for several biennial periods was unintentional and that she cured her deficiencies in this regard immediately upon learning of her suspension. Although respondent is exempt from this state's continuing legal education requirements (Rules of App Div, All Depts [22 NYCRR][*3]§ 1500.5 [b] [1]), we reiterate that her submissions nonetheless demonstrate her ongoing participation in international ethics training. In view of respondent's submissions as a whole, and as the "misconduct underlying her suspension does not raise any concerns regarding a possible harm to the public, we find that respondent's reinstatement to the practice of law would be in the public's interest and that no detriment would arise therefrom" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Kelly], 190 AD3d at 1255 [internal quotation marks and citation omitted]; see Matter of Attorneys in Violation of Judiciary Law § 468-a [Callier], 192 AD3d at 1377). Accordingly, we grant respondent's application and reinstate her to the practice of law.
Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.