Matter of Attorneys in Violation of Judiciary Law § 468-a (Fitzgibbon) (2022 NY Slip Op 06982)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Fitzgibbon)

2022 NY Slip Op 06982

Decided on December 8, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 8, 2022

PM-212-22
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Appellant, Anne Dara Fitzgibbon, Respondent. (Attorney Registration No.4953188.)

Calendar Date:August 22, 2022

Before:Garry P.J., Lynch, Aarons, Ceresia and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Anne Dara Fitzgibbon, Ireland, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2011 and resides in the country of Ireland, where she is also admitted to practice law. She has been self-employed as a barrister since 2020, and prior to this, respondent was self-employed as a solicitor. Respondent was suspended from practice by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from her failure to comply with her biennial registration beginning in 2015 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1723 [3d Dept 2019]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). She cured her registration delinquencies, remains current in her registration obligations to date and now seeks reinstatement, as well as a waiver of the Multistate Professional Responsibility Exam (hereinafter MPRE) requirement, by motion made returnable August 22, 2022. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has responded to the motion by August 19, 2022 correspondence. While AGC noted certain deficiencies in respondent's application, it does not object to her reinstatement, but rather defers to our discretion on respondent's application.[FN1]
An attorney seeking reinstatement from suspension must satisfy certain procedural requirements and those requirements vary based on the length of the attorney's suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1318 [3d Dept 2020]; Matter of Jing Tan, 164 AD3d 1515, 1517 [3d Dept 2018]).[FN2] As to these procedural requirements, respondent properly submitted an affidavit pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, appendix C, as she has been suspended for in excess of six months (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [d]). As to respondent's request for a waiver of the MPRE requirement, an attorney must assure this Court "that additional MPRE testing would be unnecessary under the circumstances" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d 1223, 1224 [3d Dept 2017]). As we have previously noted, "proof of analogous professional responsibility course work or retraining in the attorney's home jurisdiction might, under the proper circumstances, justify a waiver" (id.).
Here, respondent's affidavit and accompanying exhibits demonstrate that respondent has completed 29 hours of continuing legal education (hereinafter CLE) in New York immediately prior to her request for reinstatement and significant hours of CLE in California and Ireland. This showing, combined with the nature of respondent's suspension in failing to comply with New York's attorney registration requirement — a delinquency which she has now cured — and her lack of disciplinary history in other jurisdictions, provides adequate assurances to [*2]this Court that additional MPRE testing would be unnecessary (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Ali], 209 AD3d 1106, 1107 [3d Dept 2022]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d at 1224). As respondent has therefore satisfied the procedural requirements, we turn our attention to the substantive aspects of respondent's application.
Each attorney "seeking reinstatement from suspension must establish, by clear and convincing evidence, that (1) he or she has complied with the order of suspension and the Rules of this Court, (2) he or she has the requisite character and fitness for the practice of law, and (3) it would be in the public's interest to reinstate the attorney to practice in New York" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d at 1317-318; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). As to the first prong, respondent's submissions indicate that she has not been practicing in New York in violation of the order of suspension and AGC raises no concern in this regard. Significantly, respondent is compliant with her attorney registration requirements. While respondent did not file the affidavit of compliance required under Rules for Attorney Discipline (22 NYCRR) § 1240.15 (f) within 45 days of her suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶21), we find that respondent's application for reinstatement and supporting documents have cured this defect (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Lawrence], 193 AD3d 1318, 1319 [3d Dept 2021]). Similarly, respondent affirms that she has not been employed in the United States and is not a United States citizen, and, thus, she does not have any tax returns to submit (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Mueller], 193 AD3d 1247, 1249 [3d Dept 2021]; see also Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶27). As such, respondent has established her compliance with the Court's rules as to suspended attorneys and its suspension order (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Mueller], 193 AD3d at 1249; Matter of Attorneys in Violation of Judiciary Law § 468-a [Wilson], 186 AD3d 1874, 1875 [3d Dept 2020]).
As to respondent's character and fitness, respondent's application reveals that she is in good standing in her home jurisdiction and has not been subject to discipline, other than her current suspension in New York, in this or any other jurisdiction. Respondent attests to having received two speeding tickets in Ireland in 2019 and 2022, but notes that she paid the required fines. While AGC notes that respondent failed to attach copies of the tickets or of the guilty pleas, respondent's submissions demonstrate that those matters are resolved. As a whole, respondent's application for reinstatement does not raise concern as to [*3]her character and fitness.
On the topic of the public's interest in respondent's reinstatement, given that her suspension resulted from a failure to comport with registration requirements, and that respondent has cured this defect, we are assured that her reinstatement would not be detrimental to the public (see Matter of Attorneys in Violation of Judiciary Law § 468-a [D'Allesandro], 177 AD3d 1243, 1245 [3d Dept 2019]). Respondent also attests that she is a human rights lawyer, who has spent her career assisting, counseling and defending vulnerable people and she hopes to expand her practice of criminal law with a specialization in human rights to New York. Given this, respondent's otherwise clean disciplinary history, both here and in other jurisdictions, the nature of the underlying misconduct and the steps taken by respondent to seek reinstatement following the suspension order, we grant respondent's application and reinstate her to the practice of law (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Callier], 192 AD3d 1375, 1377 [3d Dept 2021]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Timourian], 153 AD3d 1513, 1515 [3d Dept 2017]).
Garry P.J., Lynch, Aarons, Ceresia and McShan, JJ., concur.
ORDERED that respondent's motion is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

Footnotes

Footnote 1: The Lawyer's Fund for Client Protection indicated that there are no open claims against respondent and similarly did not object to respondent's motion.

Footnote 2: We take the opportunity to remind the bar that the Court's procedural rules have been amended for all applications filed after September 1, 2022 where the respondent is seeking reinstatement from a suspension resulting solely from his or her violation of Judiciary Law § 468-a.