Matter of Attorneys in Violation of Judiciary Law § 468-a (Andison) (2022 NY Slip Op 07126)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Andison)

2022 NY Slip Op 07126

Decided on December 15, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 15, 2022

PM-215-22
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Appellant; Timothy Alexander Gordon Andison, Respondent. (Attorney Registration No. 3975703.)

Calendar Date:September 12, 2022

Before:Garry, P.J., Lynch, Ceresia, Fisher and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Law Offices of Sarah Diane McShea, New York City (Sarah Diane McShea of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 2001 and resides in Toronto, Canada, where he is a member of the Law Society of Ontario and is a partner at a law firm. Respondent was suspended from practice by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration obligations beginning in 2013 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1709 [3d Dept 2019]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). He cured his registration delinquency in May 2022 and now applies for reinstatement, as well as a waiver of the Multistate Professional Responsibility Exam (hereinafter MPRE) requirement, by motion made returnable September 12, 2022. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has responded to the application by September 8, 2022 correspondence and, although noting some deficiencies, it does not object to respondent's reinstatement, but rather defers to our discretion.[FN1]
Given that respondent has been suspended for more than six months at the time of the filing of his application for reinstatement, he appropriately completed an affidavit pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, appendix C (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [d]).[FN2] Respondent has not supplied proof of his successful passage of the MPRE less than one year before the submission of his application for reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]) and now seeks a waiver of that requirement. As we have previously held, a waiver of the MPRE requirement must be supported by "good cause," which may be satisfied by assurances "that additional MPRE testing would be unnecessary under the circumstances" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d 1223, 1224 [3d Dept 2017]; see Matter of Attorneys in Violation of Judiciary Law § 468-a [Ali], 209 AD3d 1106, 1107 [3d Dept 2022]). "[P]roof of analogous professional responsibility course work or retraining in the attorney's home jurisdiction might, under the proper circumstances, justify a waiver" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d at 1224).
Here, respondent's affidavit and accompanying exhibits demonstrate that he is current with his continuing legal education requirements in Toronto, Canada, including in the area of "professional matters." This, combined with the nature of respondent's suspension in failing to comply with New York's attorney registration requirement — a delinquency which he has now cured — and his lack of disciplinary history in other jurisdictions, provides adequate assurances to us that additional MPRE testing would be unnecessary (see Matter of Attorneys [*2]in Violation of Judiciary Law § 468-a [Callier], 192 AD3d 1375, 1377 [3d Dept 2021]). Inasmuch as respondent has satisfied the procedural requirements, we turn our attention to the substantive aspects of his application.
"An attorney seeking reinstatement from suspension must establish, by clear and convincing evidence, that he or she has complied with the order of suspension and this Court's rules, that he or she has the requisite character and fitness to practice law, and that reinstatement would be in the public's interest" (Matter of Edelstein, 150 AD3d 1531, 1531 [3d Dept 2017]; see Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1317-1318 [3d Dept 2020]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Here, respondent's assertions do not indicate that he has been practicing in violation of this Court's order and AGC raises no concerns in this regard; rather, respondent has been practicing exclusively with a law firm in Toronto, Canada since the suspension order. While he did not file an affidavit of compliance required under Rules for Attorney Discipline (22 NYCRR) § 1240.15 (f) within 45 days of his suspension, it is submitted that respondent has cured this defect by his contemporaneous submission of the affidavit of compliance with his application for reinstatement, as well as the attestations in his application for reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Lawrence], 193 AD3d 1318, 1319 [3d Dept 2021]). As such, respondent has established his compliance with both our rules as to suspended attorneys and our suspension order (see id.; Matter of Attorneys in Violation of Judiciary Law § 468-a [Wilson], 186 AD3d 1874, 1875 [3d Dept 2020]).
Turning to respondent's character and fitness and the public's interest in his reinstatement, respondent is in good standing with the Law Society of Ontario, the only other jurisdiction where he avers that he is admitted to practice. He has no disciplinary history with the Law Society of Ontario or in this state, outside of the instant suspension. His submitted materials, combined with the nature of the misconduct giving rise to his suspension, demonstrate that he possesses the requisite character and fitness for the practice of law and it would be in the public's best interest to reinstate him(see Matter of Attorneys in Violation of Judiciary Law § 468-a [Menar], 185 AD3d 1200, 1202 [3d Dept 2020]; Matter of Attorneys in Violation of Judiciary Law § 468-a [D'Allesandro], 177 AD3d 1243, 1245 [3d Dept 2019]). As such, we grant respondent's motion for reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Callier], 192 AD3d at 1377; Matter of Attorneys in Violation of Judiciary Law § 468-a [Timourian], 153 AD3d 1513, 1515 [3d Dept 2017]).
Garry, P.J., Lynch, Ceresia, Fisher and McShan, JJ., concur.
ORDERED that respondent's motion is granted; and it is further
ORDERED that respondent [*3]is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

Footnotes

Footnote 1: The Lawyers' Fund for Client Protection similarly does not object to respondent's motion.

Footnote 2: We take the opportunity to remind the bar that the Court's procedural rules have been amended for all applications filed after September 1, 2022 where the respondent is seeking reinstatement from a suspension resulting solely from his or her violation of Judiciary Law § 468-a.