Matter of Attorneys in Violation of Judiciary Law § 468-a (Jenkins) (2022 NY Slip Op 07492)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Jenkins)

2022 NY Slip Op 07492

Decided on December 29, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 29, 2022

PM-233-22
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Appellant, Claire Elizabeth Jenkins, Respondent. (Attorney Registration No. 2892511.)

Calendar Date:September 12, 2022

Before:Garry, P.J., Aarons, Reynolds Fitzgerald, Ceresia and Fisher, JJ. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Law Offices of Sarah Diane McShea, New York City (Sarah Diane McShea of counsel), respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 1998 and resides in North Carolina, where she is engaged in nonlegal employment. Respondent was suspended from practice by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from her failure to comply with her attorney registration obligations beginning in 2012 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1729 [3d Dept 2019]). She cured her registration delinquency in April 2022 and now applies for reinstatement by motion made returnable September 12, 2022. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has responded to the motion by September 8, 2022 correspondence, and respondent has supplemented her application by additional correspondence. While AGC noted certain deficiencies in respondent's application, it does not object to her reinstatement, but rather defers to our discretion concerning the disposition of the application.[FN1]
An attorney seeking reinstatement from suspension must satisfy certain procedural requirements, which vary based on the length of suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Hopkins], 192 AD3d 1456, 1456-1457 [3d Dept 2021]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1318 [3d Dept 2020]).[FN2] Respondent has been suspended since 2019 and, as such, appropriately completed an affidavit pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, appendix C (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [d]). While respondent's affidavit did not initially include proof of her successful passage of the Multistate Professional Responsibility Exam within one year of making her application for reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, Appendix C, ¶ 34), respondent provided same in subsequent correspondence. Given that respondent has met the procedural requirements, we now turn our attention to the merits of her application.
An attorney seeking reinstatement following a suspension must show, by clear and convincing evidence, that he or she has complied with the order of suspension and the rules of the Court, that he or she has the requisite character and fitness to practice law, and that it would be in the public's interest to reinstate him or her to the practice of law (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; see also Matter of Attorneys in Violation of Judiciary Law § 468-a [Fitzgibbon], ___ AD3d ____, ____, 2022 NY Slip Op 06982, *1 [3d Dept 2022]).
Turning to respondent's compliance with the order of suspension and rules of this Court, in 2006, respondent changed her information with the Office of Court Administration (hereinafter OCA) records to reflect [*2]that she was "retired" from the practice of law (see Judiciary Law § 468-a [4]), and similarly did the same in both Connecticut and Virginia, where she is also admitted to practice.[FN3] An attorney is considered "retired" from the practice of law for purposes of waiving the biennial registration fee in New York when, "other than the performance of legal services without compensation, he or she does not practice law in any respect and does not intend ever to engage in acts that constitute the practice of law" (Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [g]). The practice of law includes "the giving of legal advice or counsel to, or providing legal representation for, a particular body or individual in a particular situation in either the public or private sector in the State of New York or elsewhere" (Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [g]; see Judiciary Law § 468-a [4]).
Respondent's application reflects that, in 2001, she left the practice of law to pursue a career in education, wherein she taught in schools in several different states and, most recently, respondent has been working for the North Carolina Department of Public Instruction's Office as a consultant. A letter from respondent's current employer and respondent's submissions indicate that her current role is nonlegal in nature. Respondent's submissions, overall, demonstrate that she has not practiced law in this state, or elsewhere, since 2006, when she amended her biennial registration to "retired." Accordingly, it is submitted that respondent's statements and submissions confirm her assertion of "retired status" (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Cox], 187 AD3d 1485, 1488 [3d Dept 2020]).
Respondent states that she did not timely file an affidavit of compliance required under Rules for Attorney Discipline (22 NYCRR) § 1240.15 (f) within 45 days of her suspension, as she was not aware of the suspension until recently. However, respondent has submitted the required affidavit contemporaneous with her application for reinstatement, thus we may deem any defects in this respect cured. Moreover, OCA records indicate that respondent is now current in her registration requirements and has cured her delinquency in this respect. Finally, given that respondent avers that she is retired from the practice of law in this state, and has not practiced law in New York in more than 20 years, she is exempt from New York's continuing legal education requirement (see Rules of App Div, All Depts [22 NYCRR] § 1500.5 [b] [1], [4]), although she notes her North Carolina teaching certification requires completion of continuing education credits every five years. Accordingly, respondent's submissions establish her compliance with the order of suspension and the rules of this Court (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Wilson], 186 AD3d 1874, 1875 [3d Dept 2020]).
Turning to respondent's character and fitness, respondent alleges that she has [*3]no litigation history, and is not subject to any unsatisfied judgments or overdue debts, bankruptcies or governmental investigations. While respondent noted a speeding ticket she received in June 2022, a review of supplemental correspondence provided by her counsel indicates that this matter has been resolved (see Matter of Attorneys in Violation of Judiciary Law § 468-a [D'Allesandro], 177 AD3d 1243, 1245 [3d Dept 2019]). Similarly, respondent has provided a certificate of good standing for the Virginia State Bar and noted that she provided the Connecticut State Bar with notice of her instant New York suspension. As a result, the Superior Court of Connecticut suspended respondent from practice in that State and further held that, upon proof of her reinstatement in New York, the Connecticut suspension will be terminated. Inasmuch as respondent's Connecticut suspension stems from the instant suspension, which respondent now seeks to cure, her application, as a whole, does not raise concerns as to her character and fitness (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Pratt], 186 AD3d 965, 967 [3d Dept 2020]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Ohm], 183 AD3d 1221, 1223 [3d Dept 2020]).
As to the public's interest in her reinstatement, respondent has spent more than 20 years in public education and she avers that she is retired from the practice of law in all of the states where she is admitted to practice, including this one, and her submissions reflect same. As such, we are assured that respondent's reinstatement would be in the public interest (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Cox], 187 AD3d at 1487).
Garry, P.J., Aarons, Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law, effective immediately.

Footnotes

Footnote 1: The Lawyers' Fund for Client Protection has indicated that there are no open claims against respondent and similarly did not object to her motion.
Footnote 2: We take the opportunity to remind the bar that the Court's procedural rules have been amended for all applications filed after September 1, 2022 where the respondent is seeking reinstatement from a suspension resulting solely from his or her violation of Judiciary Law § 468-a.

Footnote 3: Respondent changed her Virginia State Bar status to "associate," which similarly prohibits her from practicing law in that jurisdiction.