Matter of Attorneys in Violation of Judiciary Law § 468-a (Gang) (2022 NY Slip Op 07491)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Gang)

2022 NY Slip Op 07491

Decided on December 29, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 29, 2022

PM-232-22
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Committee on Professional Standards, Now Known Now as Attorney Grievance Committee for the Third Judicial Department, Appellant, Eric A. Gang, Respondent. (Attorney Registration No. 3036373.)

Calendar Date:September 6, 2022

Before:Garry, P.J., Clark, Reynolds Fitzgerald, Ceresia and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Foley Griffin, LLP, Garden City (Chris McDonough of counsel), respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 2000 and is also admitted in New Jersey, where he resides, and in a variety of federal courts, where he primarily practices. Respondent was suspended from practice by September 2009 order of this Court for conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration obligations beginning in 2002 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 65 AD3d 1447, 1458 [3d Dept 2009]). He cured his registration delinquency in 2019, has since remained current in his registration obligations and now applies for reinstatement by motion made returnable September 6, 2022. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has responded to the motion by August 24, 2022 correspondence. While AGC noted certain deficiencies in respondent's application, it does not object to his reinstatement, but rather defers to our discretion concerning the disposition of respondent's application.[FN1]
Respondent has satisfied the procedural requirements in making his application for reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Hopkins], 192 AD3d 1456, 1456-1457 [3d Dept 2021]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1318 [3d Dept 2020]).[FN2] He appropriately completed an affidavit pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, appendix C (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [d]) and provided proof of his successful passage of the Multistate Professional Responsibility Exam within one year of his making his application for reinstatement. As such, we may turn our attention to the merits of respondent's application.
"[A]ll attorneys seeking reinstatement from disciplinary suspension must satisfy, by clear and convincing evidence, a three-part substantive test in order to establish their entitlement to reinstatement" (Matter of Nayak, ___ AD3d ____, ____, 2022 NY Slip Op 06220, *1 [3d Dept 2022]; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). First, the attorney must establish his or her compliance with both the order of suspension and this Court's rules (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Ostroskey], 151 AD3d 1377, 1378 [3d Dept 2017]). Second, the attorney must establish his or her character and fitness for the practice of law (see Matter of Castro, 200 AD3d 1387, 1389 [3d Dept 2021]). Third, he or she must demonstrate that reinstatement would be in the public interest by assuring this Court "that no detriment would inure to the public by reason of the attorney's return to practice, and that his or her reinstatement would be of some tangible benefit to the public" (Matter of Sullivan, 153 AD3d 1484, 1484 [3d Dept 2017]; see Rules for Attorney Disciplinary Matters [22 NYCRR[*2]] § 1240.16 [a]).
Respondent's application for reinstatement and accompanying documentation demonstrate that, during his suspension in New York, respondent has not practiced in New York, but rather almost exclusively in federal courts and before a federal agency. He similarly demonstrated that he has remained current with developments in the law through the completion of continuing legal education credits (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C ¶35). While he did not file an affidavit of compliance required under Rules for Attorney Discipline (22 NYCRR) § 1240.15 (f) within 45 days of his suspension, a review of respondent's application and submitted materials cures any defects in this regard (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Ali], 209 AD3d 1106, 1107-1108 [3d Dept 2022]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Lawrence], 193 AD3d 1318, 1319 [3d Dept 2021]). As such, respondent has established his compliance with both the Court's rules as to suspended attorneys and our suspension order (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Lawrence], 193 AD3d at 1319; Matter of Attorneys in Violation of Judiciary Law § 468-a [Wilson], 186 AD3d 1874, 1875 [3d Dept 2020]).
Respondent has similarly demonstrated the appropriate character and fitness. He has not been subject to discipline in New York or in another jurisdiction, outside of the instant disciplinary matter, and remains in good standing in other jurisdictions and courts where he is admitted to practice. While respondent notes some minor traffic violations and lawsuits that arose during his lengthy suspension, respondent's application and submissions, as a whole, do not raise concerns as to his character and fitness (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Pratt], 186 AD3d 965, 967 [3d Dept 2020]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Ohm], 183 AD3d 1221, 1223 [3d Dept 2020]; Matter of Attorneys in Violation of Judiciary Law § 468-a [D'Allesandro], 177 AD3d 1243, 1245 [3d Dept 2019]).
Finally, we conclude that respondent's reinstatement is in the public interest. In addition to the statements and submissions made in his application for reinstatement, his suspension resulted from a failure to comport with attorney registration requirements, which respondent has now cured. Respondent has focused his practice on aiding veterans and his reinstatement would certainly be a tangible benefit to the public (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Serbinowski], 164 AD3d 1049, 1051 [3d Dept 2018]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Timourian], 153 AD3d 1513, 1515 [3d Dept 2017]). Based on the forgoing, we grant respondent's application for reinstatement.
Garry, P.J., Clark, Reynolds Fitzgerald, Ceresia and McShan, JJ, concur.
ORDERED that the motion for reinstatement by respondent is granted; and it is further[*3]
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

Footnotes

Footnote 1: Per the Lawyers' Fund for Client Protection, there are no open claims against respondent and it does not object to respondent's motion.
Footnote 2: We take the opportunity to remind the bar that the Court's procedural rules have been amended for all applications filed after September 1, 2022 where the respondent is seeking reinstatement from a suspension resulting solely from his or her violation of Judiciary Law § 468-a.