Matter of Attorneys in Violation of Judiciary Law § 468-a. (Mueller) (2021 NY Slip Op 02444)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a. (Mueller)

2021 NY Slip Op 02444

Decided on April 22, 2021

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 22, 2021

PM-49-21
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Dominic Johannes Mueller, Respondent. (Attorney Registration No. 5046602.)

Calendar Date:April 19, 2021
Before:Garry, P.J., Egan, Clark, Pritzker and Reynolds Fitzgerald, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Emery, Celli, Brinckerhoff, Abady, Ward & Maazel, LLP, New York City (Hal R. Lieberman of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 2012. He is also admitted in Australia, where he resides and serves as in-house counsel to a construction company. Respondent was suspended from the practice of law in this state by a May 2019 order of this Court for conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration obligations beginning in 2015 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1742 [2019]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). He cured his registration delinquency in October 2020 and now applies for reinstatement. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes the application, noting certain deficiencies.
In addition to certain procedural requirements, "[a]ll attorneys seeking reinstatement from suspension must establish, by clear and convincing evidence, that (1) he or she has complied with the order of suspension and the Rules of this Court, (2) he or she has the requisite character and fitness for the practice of law, and (3) it would be in the public's interest to reinstate the attorney to practice in New York" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1317-1318 [2020]). Given the length of his suspension for a period greater than six months, respondent has appropriately submitted a duly-sworn form affidavit as is provided in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Hughes-Hardaway], 152 AD3d 951, 952 [2017]). He also submits a certificate of good standing from Australia, indicating his lack of disciplinary history in that jurisdiction (see Rules for Attorney Disciplinary Matters [22 NYCRR] appendix C, ¶ 13). Further, Office of Court Administration records demonstrate that respondent has cured the registration delinquencies underlying his suspension.
Respondent was also required, based upon the length of his suspension, to submit proof of his passage of the Multistate Professional Responsibility Examination (hereinafter MPRE) within one year prior to his application for reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). He requests, however, a waiver of this requirement. Such a request must be supported by a demonstration of "good cause" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d 1223, 1224 [2017]; see Matter of Attorneys in Violation of Judiciary Law § 468-a [Giordano], 186 AD3d 1827, 1828 [2020]). In assessing whether an applicant has met this burden, we consider that the MPRE requirement for attorneys seeking reinstatement "reemphasizes the importance of ethical conduct to attorneys who have been subjected to serious public [*2]discipline, and it also reassures the general public that such attorneys have undergone retraining in the field of professional responsibility" (Matter of Cooper, 128 AD3d 1267, 1267 [2015]). Here, respondent's submissions demonstrate his continued engagement in the practice of law in Australia since the order of suspension, his lack of disciplinary history other than the underlying suspension in this or any other jurisdiction, and his completion of various credits of continuing legal education in ethics since the order of suspension. Under these circumstances, we find that good cause has been shown and grant respondent's request for a waiver of the MPRE requirement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Giordano], 186 AD3d 1827, 1829 [2020]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Thompson], 185 AD3d 1379, 1380-1381 [2020]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Ohm], 183 AD3d 1221, 1223 [2020]).
As to respondent's compliance with the order of suspension and the rules governing suspended attorneys, he avers that he has not engaged in the practice of law in this state following his suspension. He further provides proof of his employment as in-house legal counsel to a construction company in Australia, where he is duly admitted to the practice of law. As to his failure to provide tax returns for the relevant time period (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶ 27), respondent maintains that he was not employed in the United States during such time and is not a United States citizen and, as such, does not have any tax returns to submit. Regarding respondent's failure to file the required affidavit of compliance following the order of suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [f]; part 1240, appendix C, ¶ 21), we find that his statements included in his appendix C affidavit have cured this defect (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 175 AD3d 1767, 1768 [2019]). Upon these submissions, we find that respondent has demonstrated by clear and convincing evidence his compliance with the order of suspension and the rules governing the conduct of suspended attorneys (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Hui-Ju Wang], 183 AD3d at 1227; Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d at 1317-1318; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).
Turning to his character and fitness, respondent attests to having no criminal history or any disciplinary history, other than the underlying suspension, in this or any other jurisdiction (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶ 14, 30). Further, there is no indication of any governmental investigations, conditions or impairments or financial circumstances that would militate against his reinstatement (see Rules [*3]for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶ 23-25, 31-32). As to his conduct underlying the order of suspension, he expresses remorse for his failure to satisfy his registration requirements for several biennial periods and provides assurances that such failure will not be repeated. Moreover, although respondent is exempt from this state's continuing legal education requirements (see Rules of App Div, All Depts [22 NYCRR] § 1500.5 [b] [1]), he provides proof of his completion of continuing legal education credits — including ethics — in both Australia and in New York since his suspension. Viewing respondent's submissions as a whole, and as the misconduct underlying his suspension "does not raise any concerns regarding a possible harm to the public," we find that respondent's reinstatement to the practice of law would be in the public's interest and that no detriment would arise therefrom (Matter of Attorneys in Violation of Judiciary Law § 468-a [Thompson], 185 AD3d at 1381). Accordingly, we grant respondent's application and reinstate him to the practice of law.
Garry, P.J., Egan, Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.