Matter of Attorneys in Violation of Judiciary Law § 468-a (Pavlovic) (2022 NY Slip Op 06309)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Pavlovic)

2022 NY Slip Op 06309

Decided on November 10, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 10, 2022

PM-188-22
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Appellant; Nevenka Pavlovic, Respondent. (Attorney Registration No. 4617403.)

Calendar Date:August 29, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Tesser, Ryan & Rochman, LLP, White Plains (Randall Tesser of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 2008 and resides in Ohio, where she is also admitted to practice law. She is currently employed as in-house counsel for a company where she represents creditors in collection matters. Respondent was suspended from practice in New York by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from her failure to comply with her biennial registration obligations beginning in 2010 (Matter of Attorneys in Violation of Judiciary Law § 468-a,172 AD3d 1706, 1746 [3d Dept 2019]). She cured her registration delinquency in April 2022, has since remained current in her registration obligations, and now seeks reinstatement, as well as a waiver of the Multistate Professional Responsibility Exam (hereinafter MPRE) requirement by motion made returnable August 29, 2022. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has responded to the motion by August 24, 2022 correspondence. While AGC notes certain deficiencies in respondent's application, it does not object to her reinstatement, but rather defers to our discretion on respondent's application.[FN1]
An attorney seeking reinstatement from suspension must satisfy certain procedural requirements and those requirements vary based on the length of the attorney's suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1318 [3d Dept 2020]; Matter of Jing Tan, 164 AD3d 1515, 1517 [3d Dept 2018]).[FN2] As of the date of her motion, respondent has been suspended for approximately three years; she thus appropriately prepared an affidavit and accompanying exhibits pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, appendix C (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [d]). As to respondent's request for a waiver of the MPRE requirement, an attorney must establish good cause for same by assuring "this Court that additional MPRE testing would be unnecessary under the circumstances" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d 1223, 1224 [3d Dept 2017]). As we have previously observed, "proof of analogous professional responsibility course work or retraining in the attorney's home jurisdiction might, under the proper circumstances, justify a waiver" (id.).
Here, respondent's affidavit and accompanying exhibits demonstrate that respondent is current with her continuing legal education (hereinafter CLE) requirements in Ohio in the area of "professional conduct," completing hours in excess of the required amount. Moreover, the basis of respondent's suspension in New York rests solely on her failure to comply with New York's registration requirement (see Matter of Attorneys in Violation of Judiciary Law §468-a, 172 AD3d at 1746) — a delinquency which she has now cured — and she has not been subject to discipline [*2]in any other jurisdiction. Under the facts and circumstances presented, respondent has provided sufficient assurances warranting a waiver of the MPRE requirement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Callier], 192 AD3d 1375, 1376 [3d Dept 2021]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d at 1224). Inasmuch as respondent has therefore satisfied the procedural requirements, we turn our attention to the substantive aspects of respondent's application.
An attorney seeking reinstatement following disciplinary suspension must satisfy, by clear and convincing evidence, a three-prong test in order to establish entitlement to reinstatement (see Matter of Jing Tan, 164 AD3d at 1517; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). First, the attorney must demonstrate that he or she has complied with the order of suspension and all applicable Court rules (see Matter of Sommer, 150 AD3d 1530, 1530 [3d Dept 2017]). Here, respondent's submissions to this Court indicate that she has not been practicing in New York in violation of this Court's order of suspension, and AGC raises no concern in this regard. Significantly, respondent has remained compliant with her attorney registration requirements since curing the delinquency giving rise to her suspension. Moreover, her application notes that, as an attorney who does not practice law in New York, she is exempt from its CLE requirement (see Rules of App Div, All Depts [22 NYCRR] § 1500.5 [b] [1]). While respondent did not file the affidavit of compliance required under Rules for Attorney Discipline (22 NYCRR) § 1240.15 (f) within 45 days of her suspension, we find that respondent's submission of the affidavit of compliance contemporaneous with her application for reinstatement has cured this defect (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Lawrence], 193 AD3d 1318, 1319 [3d Dept 2021]). As such, respondent has established her compliance with the Court's rules as to suspended attorneys and its suspension order (see id.; Matter of Attorneys in Violation of Judiciary Law § 468-a [Wilson], 186 AD3d 1874, 1875 [3d Dept 2020]).
As to prongs two and three, the attorney must also demonstrate his or her character and fitness for the practice of law (see Matter of Edelstein, 150 AD3d 1531, 1531 [3d Dept 2017]) and that his or her reinstatement would be in the public interest, which latter prong requires the attorney to "provide assurances that no detriment would inure to the public by reason of the attorney's return to practice, and that his or her reinstatement would be of some tangible benefit to the public" (Matter of Sullivan, 153 AD3d 1484, 1484 [3d Dept 2017]). Here, respondent's submitted materials, combined with the nature of the misconduct giving rise to respondent's suspension, demonstrate that she possesses the requisite character and fitness for the practice of law and that it would be in the public's [*3]interest to reinstate her (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Callier], 192 AD3d at 1377; Matter of Attorneys in Violation of Judiciary Law § 468-a [D'Allesandro], 177 AD3d 1243, 1245 [3d Dept 2019]). Accordingly, having determined that respondent has satisfied her burden in every respect, we grant her application for reinstatement.
Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that respondent's motion is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

Footnotes

Footnote 1: The Lawyers' Fund for Client Protection has indicated in correspondence dated May 31, 2022 that there are no open claims against respondent and similarly did not object to respondent's motion.

Footnote 2: We take the opportunity to remind the bar that the Court's procedural rules have been amended for all applications filed after September 1, 2022 where the respondent is seeking reinstatement from a suspension arising solely from his or her violation of Judiciary Law § 468-a.