Matter of Attorneys in Violation of Judiciary Law § 468-a (Wingate) (2022 NY Slip Op 06681)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Wingate)

2022 NY Slip Op 06681

Decided on November 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 23, 2022

PM-201-22
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Appellant; Donna Usana Wingate, Respondent. (Attorney Registration No. 3024528.)

Calendar Date:July 18, 2022

Before:Garry, P.J., Egan Jr., Pritzker, Ceresia and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Donna Usana Wingate, New York City, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2000, but was suspended from practice by May 2019 order of this Court for conduct prejudicial to the administration of justice as a result of her failure to comply with her attorney registration obligations beginning in 2014 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1759 [3d Dept 2019]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). She cured her registration delinquency in February 2021 and now applies for reinstatement. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes respondent's application, noting certain deficiencies.[FN1] Respondent's request for permission to submit a reply affidavit was granted, and the return date was adjourned until July 18, 2022. In reply to various concerns raised, respondent thereafter submitted an additional sworn affidavit, together with further documentation, in support of her application.
In addition to certain procedural requirements, a respondent must satisfy the substantive test applicable to all attorneys seeking reinstatement from suspension by establishing, "by clear and convincing evidence, that (1) he or she has complied with the order of suspension and the Rules of this Court, (2) he or she has the requisite character and fitness for the practice of law, and (3) it would be in the public's interest to reinstate the attorney to practice in New York" (Matter of Attorneys in Violation of Judiciary Law § 468—a [Nenninger], 180 AD3d 1317, 1317—1318 [3d Dept 2020]; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Given the duration of her suspension for a period greater than six months, respondent has appropriately submitted a duly-sworn form affidavit as is provided in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]).[FN2] She has also provided proof of her timely passage of the Multistate Professional Responsibility Exam (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Although respondent concededly failed to file the required affidavit of compliance following the order of suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [f]; part 1240, appendix C, ¶ 21), we find that the attestations included in her appendix C affidavit have sufficiently cured this defect (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Lawrence], 193 AD3d 1318, 1319 [3d Dept 2021]).
Turning to the merits of respondent's application, we find that her statements and submissions demonstrate by clear and convincing evidence that she has satisfied the above-referenced substantive requirements (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). To this end, respondent has adequately demonstrated her compliance with the order of suspension and the Rules governing suspended [*2]attorneys, including the prohibition on the unauthorized practice of law. As to her character and fitness, respondent's application materials raise no cause for concern, as she attests that she does not suffer from any condition that might impair or limit her ability to practice law and that she has not been the subject of any adverse criminal or disciplinary action or governmental investigation since her suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶ 14, 30-32). We further conclude that respondent's reinstatement would be in the public interest. Mindful that the nature of respondent's professional misconduct does not raise any concerns regarding harm to a client, as well as her otherwise spotless disciplinary history, we also find that no detriment would inure to the public from respondent's reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Pekmezovic], 207 AD3d 992, 994 [3d Dept 2022]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Giordano], 186 AD3d 1827, 1829 [3d Dept 2020]). We accordingly grant respondent's motion and reinstate her to the practice of law in New York, effective immediately.
Garry, P.J., Egan Jr., Pritzker, Ceresia and McShan, JJ., concur.
ORDERED that respondent's motion is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

Footnotes

Footnote 1: The Lawyers' Fund for Client Protection has advised that there are no open claims against respondent and that it defers to this Court's discretion on respondent's application.

Footnote 2: We take the opportunity to remind the bar that the Court's procedural rules have been amended for all applications filed after September 1, 2022 where the respondent is seeking reinstatement from a suspension resulting solely from his or her violation of Judiciary Law § 468-a.