Matter of Attorneys in Violation of Judiciary Law § 468-a (Dorotan) (2022 NY Slip Op 06853)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Dorotan)

2022 NY Slip Op 06853

Decided on December 1, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 1, 2022

PM-202-22
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Maria Luwalhati Casanova Dorotan, Respondent. (Attorney Registration No. 5079769.)

Calendar Date:August 8, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Maria Luwalhati Casanova Dorotan, Manila, Philippines, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2012. She was also admitted in the Philippines in 2007, where she currently resides and serves as a legal advisor on government law-making and policy issues, as well as a law professor. By May 2019 order of this Court, respondent was suspended from the practice of law indefinitely for conduct prejudicial to the administration of justice arising from her failure to comply with the attorney registration requirements of Judiciary Law § 468-a since the 2014-2015 biennial period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1720 [3d Dept 2019]). Having cured her registration delinquency in June 2020 and since maintained her registration status to date, respondent now moves for her reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC), although noting certain deficiencies, does not oppose respondent's application.
In addition to certain procedural requirements, each attorney "seeking reinstatement from suspension must establish, by clear and convincing evidence, that (1) he or she has complied with the order of suspension and the Rules of this Court, (2) he or she has the requisite character and fitness for the practice of law, and (3) it would be in the public's interest to reinstate the attorney to practice in New York" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1317-1318 [3d Dept 2020]). Given that respondent has been suspended for a period greater than six months, she has appropriately submitted a duly-sworn form affidavit as is provided in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Hughes-Hardaway], 152 AD3d 951, 952 [3d Dept 2017]).[FN1] She also submits a certificate of good standing from the Philippines, evidencing her lack of disciplinary history in that jurisdiction (see Rules for Attorney Disciplinary Matters [22 NYCRR] appendix C, ¶ 13). As noted, Office of Court Administration records further demonstrate that respondent has cured the registration delinquencies underlying her suspension.
Although respondent was also required, based upon the length of her suspension, to submit proof of her passage of the Multistate Professional Responsibility Examination (hereinafter MPRE) within one year prior to her reinstatement application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]), she now requests a waiver of this requirement. Such a waiver may be granted upon a demonstration of "good cause," which may be accomplished by providing assurances "that additional MPRE testing would be unnecessary under the circumstances" (Matter of Attorneys in Violation of Judiciary Law[*2]§ 468-a [Alimanova], 156 AD3d 1223, 1224 [3d Dept 2017]; see Matter of Attorneys in Violation of Judiciary Law § 468-a [Giordano], 186 AD3d 1827, 1828 [3d Dept 2020]). In this regard, this Court considers the purpose of the MPRE requirement itself, which is to "reemphasize[] the importance of ethical conduct to attorneys who have been subjected to serious public discipline, and it also reassures the general public that such attorneys have undergone retraining in the field of professional responsibility" (Matter of Cooper, 128 AD3d 1267, 1267 [3d Dept 2015]; see Matter of Attorneys in Violation of Judiciary Law § 468-a [Holtz], 185 AD3d 1277, 1279 [3d Dept 2020]).
Here, respondent's submissions demonstrate her continued and direct engagement in legal work and developments in the law in the Philippines since the order of suspension, her lack of disciplinary history other than the underlying suspension in this or any other jurisdiction, and her completion of various credits of continuing legal education in ethics since the order of suspension. Under these circumstances, we find that good cause has been shown and grant respondent's request for a waiver of the MPRE requirement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Mueller], 193 AD3d 1247, 1248-1249 [3d Dept 2021]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Giordano], 186 AD3d at 1829; Matter of Attorneys in Violation of Judiciary Law § 468-a [Ohm], 183 AD3d 1221, 1223 [3d Dept 2020]).
As to respondent's compliance with the order of suspension and the rules governing suspended attorneys, she avers that she has not engaged in the practice of law in this state following her suspension and, further, provides proof of her employment as a legal advisor and a law professor in the Philippines, where she is duly admitted to practice law. As to her failure to provide tax returns for the relevant time period (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶ 27), respondent maintains that she was not employed in the United States during such time and, as such, does not have any tax returns to submit. Concerning respondent's failure to timely file an affidavit of compliance following the order of suspension, as required (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [f]; Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶ 21), we conclude that her statements included in her appendix C affidavit are sufficient to cure this defect (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [c]; Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C; Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 175 AD3d 1767, 1768 [3d Dept 2019]). In view of her statements and submissions, we find that respondent has demonstrated by clear and convincing evidence her compliance with the order of suspension and the rules governing the conduct of suspended attorneys (see [*3]Matter of Attorneys in Violation of Judiciary Law § 468-a [Mueller], 193 AD3d at 1249; Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d at 1317-1318; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).
As to her character and fitness to practice law, respondent attests to having no criminal history or any disciplinary history, other than the underlying suspension, in this or any other jurisdiction (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶ 14, 30-31). Similarly, there is no indication in respondent's application of any governmental investigations, conditions or impairments or financial circumstances that would militate against her reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶ 23-25, 31-32). As to the misconduct underlying the order of suspension, respondent expresses sincere remorse for her failure to comply with her registration requirements for several biennial periods and, after curing her prior registration delinquencies, has continued to meet her registration obligations going forward. Finally, although respondent is exempt from this state's continuing legal education requirements (Rules of App Div, All Depts [22 NYCRR] § 1500.5 [b] [1]), she provides proof of her completion of a substantial amount of New York and Philippine continuing legal education credits — including in the area of ethics — since her suspension. In view of respondent's submissions as a whole, and considering the nature of the misconduct underlying her suspension, we find that respondent's reinstatement to the practice of law would be in the public's interest and that no detriment would arise therefrom (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Mueller], 193 AD3d at 1250; Matter of Attorneys in Violation of Judiciary Law § 468-a [Thompson], 185 AD3d 1379, 1381 [3d Dept 2020]). Accordingly, we grant respondent's application and reinstate her to the practice of law.
Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

Footnotes

Footnote 1: We take the opportunity to remind the bar that the Court's procedural rules have been amended for all applications filed after September 1, 2022 where the respondent is seeking reinstatement from a suspension resulting solely from his or her violation of Judiciary Law § 468-a.