Matter of Attorneys in Violation of Judiciary Law § 468-a (Kern) (2022 NY Slip Op 07128)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Kern)

2022 NY Slip Op 07128

Decided on December 15, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 15, 2022

PM-217-22
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Appellant; Howard Jeffrey Kern, Respondent. (Attorney Registration No. 2110203.)

Calendar Date:September 12, 2022

Before:Garry, P.J., Egan Jr., Lynch, Aarons and Pritzker, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Howard Jeffrey Kern, Pacific Palisades, California, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1987 and is also admitted in New Jersey and in California, where he resides and engages in the private practice of law. Respondent was suspended from practice by September 2009 order of this Court for conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration obligations beginning in 1999 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 65 AD3d 1447, 1463 [3d Dept 2009]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). He cured his registration delinquency in 2018, has since remained current in his registration obligations and now applies for reinstatement by motion made returnable September 12, 2022. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has responded to the motion by August 24, 2022 correspondence. While AGC noted certain deficiencies in respondent's application, it does not object to his reinstatement, but rather defers to our discretion concerning the disposition of the application.[FN1]
An attorney seeking reinstatement from suspension must satisfy certain procedural requirements, which vary based on the length of suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Hopkins], 192 AD3d 1456, 1456-1457 [3d Dept 2021]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1318 [3d Dept 2020]).[FN2]
Given that respondent has been suspended for more than six months, he appropriately completed an affidavit pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, appendix C (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [d]). Annexed to his affidavit, respondent provided proof of his successful passage of the Multistate Professional Responsibility Exam within one year of making his application for reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, Appendix C, ¶35). Given that respondent has met the procedural requirements, we may now turn our attention to the merits of his application.
"An attorney seeking reinstatement following disciplinary suspension must satisfy, by clear and convincing evidence, a three-prong test in order to establish entitlement to reinstatement" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Pavlovic], ___ AD3d ___, ___, 2022 NY Slip Op 06309, *2 [3d Dept 2022] [citations omitted]; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). First, the attorney must establish compliance with both the terms of the order of suspension and all applicable Court rules (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Nayak], ___ AD3d ___, ___, 2022 NY Slip Op 06220, *1 [3d Dept 2022]). Second, the attorney must establish his or her [*2]character and fitness for the practice of law (see Matter of Castro, 200 AD3d 1387, 1389 [3d Dept 2021]). Third, he or she must demonstrate that it would be in the public's interest to reinstate the attorney to practice in the state (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Wingate], ___ AD3d ___, ___, 2022 NY Slip Op 06681, *1 [3d Dept 2022]).
Respondent's application does not give rise to concerns that he has been practicing in New York while suspended or is otherwise in violation of this Court's rules. Respondent's failure to submit an affidavit of compliance required under Rules for Attorney Discipline (22 NYCRR) § 1240.15 (f) within 45 days of his suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix B; see also Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶21) has been cured to the extent that his sworn statements in his instant supporting affidavit recite the required factors otherwise set forth in an affidavit of compliance. While respondent has completed continuing legal education credits in California sufficient to meet that jurisdiction's requirements, he avers to practicing exclusively in California; thus, he is exempt from New York's continuing legal education requirement (see Rules of App Div, All Depts [22 NYCRR] § 1500.5 [b] [1]).
As to his character and fitness, respondent's application does not indicate that he has been subject to discipline in New York outside of the instant suspension, and he has not been subject to discipline in any other jurisdiction where he is licensed to practice law. Respondent provided the required good standing certificate from California and admits to being admitted in New Jersey, but attests that his license in that state has been administratively revoked for failure to pay fees for seven consecutive years (see New Jersey Court Rule 1:28-2 [c]). However, per respondent's attestations, this revocation is administrative in nature and has not resulted in discipline in New Jersey. As such, respondent's application for reinstatement does not raise concern as to his character and fitness.
Given that his suspension resulted from a failure to comport with registration requirements, and that respondent has cured this defect, we are assured that reinstatement would not be detrimental to the public (see Matter of Attorneys in Violation of Judiciary Law § 468-a [D'Allesandro], 177 AD3d 1243, 1245 [3d Dept 2019]). Respondent has established that he has been practicing in California for more than 30 years, most recently at his own law firm, and he has not been subject to complaints from clients or other attorneys. Accordingly, we grant respondent's motion for reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Timourian], 153 AD3d 1513, 1515 [3d Dept 2017]).
Garry, P.J., Egan Jr., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further[*3]
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

Footnotes

Footnote 1: The Lawyers' Fund for Client Protection has indicated that there are no open claims against respondent and similarly did not object to respondent's motion.

Footnote 2:We take the opportunity to remind the bar that the Court's procedural rules have been amended for all applications filed after September 1, 2022 where the respondent is seeking reinstatement from a suspension resulting solely from his or her violation of Judiciary Law § 468-a.