Matter of Attorneys in Violation of Judiciary Law § 468-a (Gordon) (2023 NY Slip Op 00143)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Gordon)

2023 NY Slip Op 00143

Decided on January 12, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 12, 2023

PM-02-23
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Mark Evan Gordon, Respondent. (Attorney Registration No. 4956843.)

Calendar Date:September 19, 2022

Before:Garry, P.J., Clark, Pritzker, Reynolds Fitzgerald and Fisher, JJ. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Mark Evan Gordon, Milwaukee, Wisconsin, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2011 and resides in Milwaukee, Wisconsin, where he is employed at a law firm in a nonlegal capacity. He is also admitted to practice in New Mexico, but is administratively suspended in that jurisdiction. Similarly, respondent was suspended from practice by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration obligations beginning in 2013 (Matter of Attorneys in Violation of Judiciary Law §468-a, 172 AD3d 1706, 1725 [2019]). He cured his registration delinquency in this State in November 2021 and now applies for reinstatement by motion made returnable September 19, 2022. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has responded to the application by September 9, 2022 correspondence. While AGC noted certain deficiencies in respondent's application, it does not object to his reinstatement, but rather defers to our discretion concerning the disposition of the application.[FN1] Respondent has submitted supplemental papers in reply.
An attorney seeking reinstatement must satisfy certain procedural requirements, which vary based on the length of his or her suspension.[FN2] Here, respondent appropriately submitted a sworn affidavit consistent with the form set forth in Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, appendix C (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]), and similarly provided proof of his successful passage of the Multistate Professional Responsibility Exam within one year of making his application for reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶34). Given that respondent has met the procedural requirements, we turn our attention to the merits of his application.
"[A]ll attorneys seeking reinstatement from disciplinary suspension must satisfy, by clear and convincing evidence, a three-part substantive test in order to establish their entitlement to reinstatement" (Matter of Nayak, 210 AD3d 1185, 1186 [3d Dept 2022]). First, the attorney must establish compliance with both the terms of the order of suspension and all applicable Court rules (see Matter of Attorneys in Violation of Judiciary Law §468-a [Kern], ___ AD3d ___, ___, 2022 NY Slip Op 07128, *1 [3d Dept 2022]). Second, the attorney must demonstrate his or her requisite character and fitness to be reinstated to the practice of law (see Matter of Attorneys in Violation of Judiciary Law §468-a [Wingate], 210 AD3d 1367, 1368 [3d Dept 2022]). Third, the attorney must demonstrate that his or her reinstatement is in the public interest (see Matter of Becker, 202 AD3d 1430, 1430-1431 [3d Dept 2022]).
As to respondent's compliance with this Court's rules and the order of suspension, his application for reinstatement and other submissions indicate [*2]that, since the instant suspension, he has not practiced law in New York or in any other jurisdiction. Following his admission to practice in this state, respondent pursued other work and now works for a law firm in a nonlegal capacity, specifically with the firm's professional responsibility compliance efforts. Additionally, as AGC notes, respondent failed to timely file an affidavit of compliance required under Rules for Attorney Discipline (22 NYCRR) § 1240.15 (f) within 45 days of his suspension, as he was not aware of the suspension until recently. However, respondent submits same contemporaneously with his motion for reinstatement, thus curing that defect (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Andison], ___ AD3d ___, ___, 2022 NY Slip Op 07126, *2 [3d Dept 2022]). Lastly, respondent has submitted proof of the completion of significant credit hours of continuing legal education in New York since the entry of the order of suspension (see Rules of App Div, All Depts [22 NYCRR] § 1500.12), and is now current in his registration requirements, curing his delinquency in this respect (see Judiciary Law § 468-a). As such, respondent has established his compliance with both our rules as to suspended attorneys and our suspension order (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Dorotan], ___ AD3d ___, ___, 2022 NY Slip Op 06853, *2-3 [3d Dept 2022]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Mueller], 193 AD3d 1247, 1249 [3d Dept 2021]).
As to his character and fitness, respondent notes that he cannot provide the requisite certificate of good standing from New Mexico, due to his administrative suspension for failure to comport with continuing legal education requirements in that jurisdiction. However, he avers that reinstatement in this state will allow him to obtain good standing in New Mexico once again. Inasmuch as the lack of a certificate of good standing in New Mexico stems from similar issues as his current disciplinary matter in this state, which he now seeks to cure, respondent's application and submissions, as a whole, do not raise concerns as to his character and fitness (see Matter of Attorneys in Violation of Judiciary Law §468-a [Wingate], 210 AD3d at 1369; Matter of Attorneys in Violation of Judiciary Law § 468-a [Mueller], 193 AD3d at 1249-1250).
As to the public's interest in his reinstatement, respondent's suspension resulted from a failure to comport with attorney registration requirements, which he has now cured. Given this, his employment focused on professional responsibility compliance, and his efforts and commitment in seeking reinstatement, we are assured that respondent's reinstatement would not be detrimental to the public (see Matter of Attorneys in Violation of Judiciary Law §468-a [Pekmezovic], 207 AD3d 992, 994 [3d Dept 2022]; Matter of Attorneys in Violation of Judiciary Law §468-a [Giordano], 186 AD3d 1827, 1829 [3d Dept 2020]). Accordingly, we grant respondent's [*3]application and reinstatement him to the practice of law.
Garry, P.J., Clark, Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the motion for reinstatement by respondent is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

Footnotes

Footnote 1: The Lawyers' Fund for Client Protection has indicated that there are no open claims against respondent and similarly did not object to his motion.

Footnote 2: We take the opportunity to remind the bar that the Court's procedural rules have been amended for all applications filed after September 1, 2022 where the respondent is seeking reinstatement from a suspension resulting solely from his or her violation of Judiciary Law § 468-a.