Matter of Attorneys in Violation of Judiciary Law § 468-a (Lefkowitz) (2023 NY Slip Op 00717)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Lefkowitz)

2023 NY Slip Op 00717

Decided on February 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 9, 2023

PM-25-23
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the on Motion Third Judicial Department Petitioner, Amy Esther Lefkowitz, Respondent. (Attorney Registration No. 4230611.)

Calendar Date:October 3, 2022

Before:Egan Jr., J.P., Lynch, Pritzker, Ceresia, and Fisher, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Amy Esther Lefkowitz, Fairlawn, New Jersey, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2004 and currently resides in New Jersey, where she is also admitted and practices with a law firm. Respondent was suspended from practice by January 2014 order of this Court for conduct prejudicial to the administration of justice arising from her failure to comply with her attorney registration obligations beginning in 2006 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1040 [3d Dept 2014]). She cured her registration delinquency in June 2018, is current in her registration obligations to date and now applies for reinstatement, as well as a waiver of the Multistate Professional Responsibility Exam (hereinafter MPRE) requirement, by motion made returnable October 3, 2022. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes the application by September 30, 2022 correspondence, and respondent has been heard in reply.[FN1]
An attorney seeking reinstatement must satisfy certain procedural requirements, which vary based on the length of his or her suspension (see Matter of Jing Tan, 164 AD3d 1515, 1517 [3d Dept 2018]).[FN2] Respondent has been suspended for more than six months, thus she properly submitted a reinstatement application and accompanying exhibits consistent with the form set forth in Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, appendix C (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Initially, respondent provided proof of her successful passage of the MPRE in 2000, to which offer of proof AGC objected, as this did not constitute proof of her successful completion of the MPRE "no more than one year prior to the date the application is filed" (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Now, respondent seeks a waiver of the MPRE requirement; thus, she must establish good cause for same by assuring "this Court that additional MPRE testing would be unnecessary under the circumstances" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d 1223, 1224 [3d Dept 2017]). A waiver may be justified, under the proper circumstances, by "proof of analogous professional responsibility course work or retraining in the attorney's home jurisdiction" (id.).
Here, respondent's submissions demonstrate that she is current with her continuing legal education (hereinafter CLE) requirements in New Jersey, specifically in the area of "ethics and/or professional responsibility courses." In addition, respondent avers that she currently serves as a volunteer on an ethics committee in New Jersey, wherein she investigates grievances, presents at ethics hearings and earns additional CLE credits for her service on that committee. Under the facts and circumstances presented, including the fact that her suspension in New York rests solely on her failure to comply with New York's registration requirement — a delinquency which she has now cured — respondent has provided [*2]sufficient assurances warranting a waiver of the MPRE requirement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Pavlovic],210 AD3d 1233, 1235 [3d Dept 2022]). Inasmuch as respondent has therefore satisfied the procedural requirements, and resolved AGC's objection in this regard, we turn our attention to the substantive aspects of respondent's application.
An attorney "seeking reinstatement from suspension must establish, by clear and convincing evidence, that (1) he or she has complied with the order of suspension and the Rules of this Court, (2) he or she has the requisite character and fitness for the practice of law, and (3) it would be in the public's interest to reinstate the attorney to practice in New York" (Matter of Attorneys in Violation of Judiciary Law §468-a [Nenninger], 180 AD3d 1317, 1317-1318 [3d Dept 2022]). Turning to the first prong, there is no indication in respondent's motion papers that she has been practicing in violation of this Court's order of suspension. While respondent did not timely file an affidavit of compliance required under Rules for Attorney Discipline (22 NYCRR) § 1240.15 (f) within 45 days of her suspension, as AGC notes, respondent avers that, at the time of the instant suspension, she was practicing exclusively in New Jersey with a law firm and was unaware of the instant suspension. As such, any defects in failing to submit the affidavit of compliance within the required timeframe are cured given the attestations in respondent's submissions (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Lawrence], 193 AD3d 1318, 1319 [3d Dept 2021]). Office of Court Administration records indicate that respondent is now current in her registration requirements and has cured her delinquency in this respect. Moreover, respondent's application has demonstrated that she does not practice law in New York, but rather practices exclusively in New Jersey, thus she is exempt from New York's CLE requirement (see Rules of App Div, All Depts [22 NYCRR] § 1500.5 [b] [1]). As such, respondent has established her compliance with both the Court's rules as to suspended attorneys and its suspension order (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Lawrence], 193 AD3d at 1319; Matter of Attorneys in Violation of Judiciary Law § 468-a [Wilson], 186 AD3d 1874, 1875 [3d Dept 2020]).
Turning to respondent's character and fitness, respondent has provided a certificate of good standing for New Jersey, thus resolving AGC's objection in this regard. Respondent further attests that she has not been subject to discipline in New Jersey or other discipline in New York, outside of the instant suspension. She likewise has no history of litigation, unsatisfied judgments or bankruptcies, or overdue debts of significance or defaults, and has not been subject to any governmental investigations or criminal prosecutions. On the topic of the public's interest in respondent's reinstatement, the Court may [*3]be assured that her reinstatement would not be detrimental to the public (see Matter of Attorneys in Violation of Judiciary Law § 468-a [D'Allesandro], 177 AD3d 1243, 1245 [3d Dept 2019]). Respondent attests that she has been employed in her current job as an attorney with a New Jersey law firm for more than 19 years, wherein she has served as court appointed attorney for children and incapacitated individuals, providing significant pro bono hours. Given that her supplemental submissions have cured the defects noted by AGC and that she satisfied the three-part applicable test for reinstatement, respondent's motion for reinstatement is granted (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Pavlovic],210 AD3d at 1236; Matter of Attorneys in Violation of Judiciary Law § 468-a [D'Allesandro], 177 AD3d at 1245).
Egan Jr., J.P., Lynch, Pritzker, Ceresia, and Fisher, JJ., concur.
ORDERED that respondent's motion is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

Footnotes

Footnote 1: The Lawyers' Fund for Client Protection has indicated that there are no open claims against respondent and does not object to respondent's motion.

Footnote 2: We take the opportunity to remind the bar that the Court's procedural rules have been amended for all applications filed after September 1, 2022 where the respondent is seeking reinstatement from a suspension arising solely from his or her violation of Judiciary Law § 468-a.